[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12782
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:07-cv-01690-GAP-GJK

CARVONDELLA BRADLEY,
JOYCE ELAINE NIEVES,
LARHONDA WILLIAMS,
CHRIS CROWLEY,
DERRICK BURKE,
CHARLES E. BURKE, JR.,
GREG BURKE,
CYNTHIA BURKE,
BEATRICE WELLS,
KARL CROWLEY,
individually, et. al.,

Plaintiffs-Appellants,

versus

SECRETARY, U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2011)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Carvondella Bradley, on behalf of Charles Burke's estate and the ten surviving Burke children, appeals the district court's denial of Bradley's request for attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).  After review, we affirm.

## I.  BACKGROUND

Charles Burke resided in a Florida nursing home for approximately eighteen months.  After becoming seriously ill, Burke was removed from the nursing home and died in a hospital.  During Burke's hospital stay, the Secretary of the Department of Health and Human Services ("Secretary" or "DHHS"), on behalf of Medicare, paid $38,875.08 for his medical care.

Subsequently, Plaintiff-Appellant Bradley, on behalf of Burke's estate, brought a wrongful death claim against the nursing home and its liability insurance carrier. Bradley settled the claim for $52,500 and notified the Secretary of the settlement. The Secretary asserted that Burke's estate had to reimburse Medicare for Burke's net medical expenses of $22,480.89.

Plaintiff-Appellant Bradley then filed in probate court an application for the court to adjudicate the rights of the estate and the children to the settlement funds. The Secretary declined to participate in the probate court proceeding. The probate court determined that DHHS was entitled to only $787.50 of the settlement funds.

The Secretary declined to recognize the probate court's determination, relying upon DHHS's Medicare Secondary Payer Manual ("Medicare Manual").[1] The Secretary continued to assert that Burke's estate owed Medicare $22,480.89. Bradley paid that amount under protest. After exhausting her administrative remedies, Bradley appealed the Secretary's decision to the federal district court. The district court deferred to the Secretary's interpretation of the Medicare

---

[1]In pertinent part, the Medicare Manual states: "The only situation in which Medicare recognizes allocations of liability payments to non-medical losses is when payment is based on a court order on the merits of the case." Medicare Secondary Payer Manual (CMS Pub. 100-05) Chapter 7, § 50.4.4 (currently under review).

Manual, and held that Medicare was entitled to reimbursement in the amount of $22,480.89.

Bradley then appealed to this Court. In Bradley v. Sebelius, we reversed the district court's decision, concluding that DHHS's Medicare Manual was not entitled to deference. 621 F.3d 1330, 1338 (11th Cir. 2010). Accordingly, we held the Secretary's decision was not supported by substantial evidence and found the Secretary was entitled to only $787.50, as determined by the probate court. Id. at 1339.

On remand, the district court entered judgment in accordance with our appellate opinion. Subsequently, Plaintiff-Appellant Bradley filed a motion for an award of attorney's fees and costs pursuant to § 2412(b) of the EAJA. The district court denied Bradley's motion, finding that DHHS had not acted in bad faith. The district court explained that our appellate decision involved an issue of first impression and that nothing suggested the Secretary had acted in bad faith, as follows:

> The Secretary acted in conformity with [DHHS's] long-held legal position, one supported by decisions from other Courts of Appeal[s]. The Secretary's position in this particular case was also supported by most of the judges who heard this dispute. Ultimately, two of the three judges on the Eleventh Circuit Court of Appeals agreed with the Plaintiffs on a question of first impression. But neither of those judges suggested that the Secretary acted in bad faith in litigating this case, and

4

the Plaintiffs have not provided any basis for such a conclusion in their motion.

This appeal followed.

## II. DISCUSSION

We review a district court's decision denying a request for attorney's fees under § 2412(b)[2] of the EAJA for abuse of discretion. Maritime Mgmt., Inc. v. United States, 242 F.3d 1326, 1331 (11th Cir. 2001). We review a district court's finding regarding a party's lack of bad faith for clear error. Id.

Under 28 U.S.C. § 2412(b), a district court's award of attorney's fees is discretionary. The district court may appropriately exercise its discretion to award fees under § 2412(b) where the government acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Maritime Mgmt., 242 F.3d at 1331 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 1622 (1975)) (quotation marks omitted). "Bad faith," in turn, means "not

---

[2]In the district court, Bradley filed a motion entitled: "Plaintiffs' Verified Motion for Award of Attorneys' Fees and Costs as Prevailing Parties in These Proceedings Pursuant to Federal Common Law and Equal Access to Justice Act ("EAJA") 28 U.S.C. §2412(b)/Memorandum of Law in Support." The Memorandum of Law argues for attorney's fees exclusively under § 2412(b). Because Bradley argued before the district court only that she was entitled to attorney's fees under § 2412(b), we decline to address her argument on appeal as to 28 U.S.C. § 2412(d)(1)(A). See Access Now, Inc. v. Sw. Airlines, Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)).

simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." United States v. Gilbert, 198 F.3d 1293, 1299 (11th Cir. 1999) (alteration in original) (quotation marks omitted).

Here, the district court's finding of no bad faith was not clearly erroneous and thus its denial of attorney's fees was not an abuse of discretion. In explaining its finding, the district court noted that the Secretary's actions followed "[DHHS's] long-held legal position," which other circuit court decisions supported. While our circuit (in a 2–1 opinion) reached a different conclusion than the Secretary on a matter of first impression in this circuit, that is not enough to compel a finding of bad faith. See Gilbert, 198 F.3d at 1299. Nothing in the record indicates DHHS pursued its position "because of dishonest purpose or moral obliquity." See id. Further, Plaintiff-Appellant Bradley has presented no evidence that DHHS acted vexatiously or wantonly, such as by pursuing dilatory tactics or abusive discovery practices. Accordingly, we must affirm the district court's denial of Bradley's § 2412(b) attorney's fee request.

**AFFIRMED.**

6